UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 13-cv-01074-ACC-GJK

CRYSTAL RAMIREZ, individually, and
on behalf of others similarly situated,

       Plaintiff,

v.

URBAN OUTFITTERS, INC., d/b/a
ANTHROPOLOGIE,

       Defendant.

**DEFENDANT URBAN OUTFITTERS, INC.'S MOTION TO STAY
ALL PROCEEDINGS PENDING TRANSFER DECISION BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Urban Outfitters, Inc., d/b/a Anthropologie ("Urban Outfitters") respectfully moves this Court to enter an order staying: (a) all pretrial activity in this case; (b) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure; and (c) all other discovery and pretrial deadlines, pending decision by the Judicial Panel on Multidistrict Litigation ("JPML") on an application, pursuant to 28 U.S.C. § 1407(a), to transfer and coordinate this case with four other related actions. All of these actions involve allegations about unpaid overtime pay and related penalties resulting from Urban Outfitters' alleged violations of wage and hour laws. *See* Motion and Brief to the JPML attached as Exhibit "A" to the accompanying Declaration of William R. Horwitz.[1]

---

[1] For purposes of this Motion to Stay, Urban Outfitters incorporates by reference its Motion and Brief to the JPML.

While the application to the JPML is pending, this Court should stay all proceedings in this action to conserve the Court's and parties' resources, avoid duplicative litigation, and prevent inconsistent rulings.

## BACKGROUND

Within the past four months, a total of five separate but overlapping wage and hour class and collective action lawsuits have been filed against Urban Outfitters. On August 9, 2013, pursuant to 28 U.S.C. § 1407, Urban Outfitters moved for an order centralizing in the Northern District of California, for pretrial coordination, all related pending and yet-to-be filed federal court wage and hour lawsuits. Specifically, Urban Outfitters is aware of, and has sought consolidation of, the following related federal class and collective action lawsuits arising from alleged wage and hour violations:

a. *Alexander Moore, et al. v. Urban Outfitters Wholesale, Inc., d/b/a Anthropologie, et al.*, Case No. 13-cv-02245 (N.D. Cal.)

b. *David Berry, et al. v. Urban Outfitters Wholesale, Inc., et al.*, Case No. 13-cv-02628 (N.D. Cal.)

c. *Shakora Abdulhaqq, et al. v. Urban Outfitters, et al.*, Case No. 13-cv-03184 (N.D. Cal.)

d. *Jeffrey McEarchen, et al. v. Urban Outfitters, Inc.*, Civil Action No. 13-cv-03569 (E.D.N.Y.)

e. *Crystal Ramirez v. Urban Outfitters, Inc. d/b/a Anthropologie*, Civil Action No. 13-cv-01074 (M.D. Fla.)

In the above actions, the plaintiffs, on behalf of themselves and others, are suing Urban Outfitters and a corporate affiliate (and, in one case, an individual defendant). In all of the cases, plaintiffs raise similar factual allegations and seek similar relief.

On July 17, 2013, plaintiffs Crystal Ramirez and Matthew McDermott filed a Complaint against Urban Outfitters in the U.S. District Court for the Middle District of Florida. On July 26, plaintiff Ramirez filed an Amended Complaint that did not include McDermott as a plaintiff.

Plaintiff's claims against Urban Outfitters in this case turn on questions similar to those raised by the other class and collective action lawsuits that are the subject of the pending Section 1407 application to the JPML. The core allegation in all these cases is that Urban Outfitters supposedly denied employees overtime payments. More specifically, all of the plaintiffs allege that Urban Outfitters employed classes of individuals within the past four years or less in retail clothing stores in California or throughout the country and, pursuant to uniform policies and practices, denied these individuals overtime pay.

Plaintiff Ramirez has also asserted virtually identical claims under the Fair Labor Standards Act for: (1) unpaid overtime; and (2) inadequate wage and hour records. Plaintiff Ramirez further alleges that Urban Outfitters' "unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA." (Am. Compl. ¶31).

Because this case raises common questions of alleged fact and because transfer will promote judicial economy and the convenience of the parties and witnesses, Urban Outfitters anticipates that the JPML will issue a Transfer Order, transferring and centralizing this case, as well as all related filed or yet-to-be-filed wage and hour class actions against Urban Outfitters (and corporate affiliates), for pretrial coordination. Accordingly, Urban Outfitters

respectfully requests that this Court stay all proceedings in this matter pending the Panel's decision.

## ARGUMENT

This Court has the inherent power to stay proceedings "pending the outcome of a related proceeding in another forum." *Jozwiak v. Stryker Corp.*, No. 09-1985, 2010 WL 147143, at *1 (M.D. Fla. Jan. 11, 2010) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

In exercising its discretion, a court must "weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254–55. When determining whether a stay is warranted pending transfer by the JPML, courts consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Am. Seafood v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992 WL 102762, at *1-2 (E.D. Pa. 1992)). In this case, all three factors favor a stay.

### A. A Stay will Further Judicial Economy

Pursuant to 28 U.S.C. § 1407, the JPML may transfer and centralize actions involving one or more common questions of fact when doing so "will be for the convenience of parties and witnesses and *will promote the just and efficient conduct of such actions*." (Emphasis

added).  Absent a stay, this Court may be called upon to render decisions on both procedural and substantive issues that may be inconsistent with decisions reached in the related cases or, if the JPML grants the pending motion, by the transferee court in this matter.  A stay of these proceedings will conserve judicial resources and ensure uniform decisions across all related filed and yet-to-be filed wage and hour class actions against Urban Outfitters.  *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968) ("The purpose of Section 1407 … is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.").  The purpose of Section 1407 would therefore not be served if, notwithstanding a motion for MDL coordination of these cases, this Court allowed this matter to proceed.

Staying these proceedings will serve judicial economy because of the increased efficiency and coordinated pretrial case management available in MDL proceedings.  A district court should not waste time "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers*, 980 F. Supp. at 1360; *U.S. Bank, N.A. v. Royal Indem. Co.*, 2002 U.S. Dist. LEXIS 17837, at *6 (N.D. Tex. Sept. 23, 2002) (granting motion to stay because "if the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.").  Courts commonly stay actions when the litigants have petitioned the JPML for coordinated treatment because it "can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." *Bonenfant*

*v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) (citing *Manual for Complex Litigation* § 22.35 (4th ed. 2004)).

Here, Plaintiff's claims share common alleged questions of fact and law with the wage and hour actions against Urban Outfitters awaiting possible centralization by the JPML. Pretrial proceedings in these cases, including discovery and class certification proceedings, will focus on the common factual and legal allegations pled in each of the five actions and will necessarily overlap. A stay of these proceedings pending transfer of the actions against Urban Outfitters will ensure that the Court's and parties' efforts are not unnecessarily duplicative.

### B. The Potential Prejudice to Urban Outfitters from Denial of a Stay Far Surpasses the Potential Prejudice to Plaintiffs from the Grant of a Stay

Absent a stay, Urban Outfitters would endure substantial hardship from duplicative discovery requests and potentially inconsistent rulings. If the Court does not stay these proceedings, Urban Outfitters will also be exposed to the risk of unnecessary proceedings and substantial and unnecessary expenditures of its resources.

Specifically, Urban Outfitters is subject to discovery in five nearly identical class actions and discovery is therefore almost certain to overlap. For example, the plaintiffs in all five actions allege that Urban Outfitters denied employees overtime payments. As a result, the plaintiffs in all five actions will likely propound interrogatories and request similar documents relating to Urban Outfitters' company policies and procedures for payment of overtime. Urban Outfitters could also be required to produce the same witnesses for depositions in multiple different cases. Responding to discovery and conducting motion practice in all five nearly identical actions would be burdensome and substantially prejudicial

to Urban Outfitters. *See Am. Seafood*, 1992 WL 102762, at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay.") (citations omitted).

On the other hand, the risk of prejudice to plaintiff is minimal. The only potential impact that a stay may have on plaintiff is the possibility that, after this case is delayed briefly pending the JPML's decision, the JPML denies the application. *Flores v. McKesson Corp.*, 2013 U.S. Dist. LEXIS 109130, at *3 (N.D. Cal. Aug. 2, 2013). This possibility cannot seriously be characterized as prejudice that might justify pushing this litigation ahead pending the JPML's decision. *See Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, at *1 (D.N.J. Feb. 4, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay."). At this point in the litigation, plaintiffs have expended limited resources, discovery has not begun, and plaintiffs cannot establish any additional prejudice resulting from a stay. *See Milrot v. Apple Inc.*, No. 10-61130, 2010 WL 3419699, at *1 (S.D. Fla. Aug. 27, 2010) (granting motion to stay pending a decision by the JPML on transfer of the case when the "instant action is not procedurally advanced.")

On balance, therefore, all parties and the Court benefit from a brief stay.

## **CONCLUSION**

For the foregoing reasons, defendant Urban Outfitters respectfully requests that the Court enter an order granting this motion to stay pending the JPML's decision on the motion for Section 1407 transfer and centralization.

Homer Bonner Jacobs
1200 Four Seasons Tower • 1441 Brickell Avenue • Miami Florida 33131
Phone: (305) 350-5100

# LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), M.D. Fla., on August 13, 2013, prior to filing this Motion to Stay, William R. Horwitz, Esq., an attorney with the law firm of Drinker, Biddle & Reath LLP and legal counsel for Urban Outfitters, Inc., communicated with Plaintiff's counsel concerning the relief requested herein and in an attempt to resolve the issues raised in the Motion to Stay. Plaintiff's counsel does not agree with the relief requested herein and the parties were unable to agree on a resolution to the Motion to Stay.

Dated: August 14, 2013.

Respectfully submitted:

HOMER BONNER JACOBS
Attorneys for Defendant
Urban Outfitters. Inc. d/b/a Anthropologie
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5139
Fax: (305) 372-1443

By: /s/ Peter W. Homer
    Peter W. Homer
    Email: phomer@homerbonner.com
    Florida Bar No: 291250
    Howard S. Goldfarb
    Florida Bar No. 0016568
    Email: hgoldfarb@homerbonner.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Gregg I. Shavitz, Esq.
> Susan H. Stern, Esq.
> Shavitz Law Group, PA
> Suite 404
> 1515 S. Federal Hwy
> Boca Raton, FL 33432

/s/ Peter W. Homer
Attorney

9
Homer Bonner Jacobs
1200 Four Seasons Tower • 1441 Brickell Avenue • Miami Florida 33131
Phone: (305) 350-5100