UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:13-cv-01074-ACC-GJK

CRYSTAL RAMIREZ,
individually and on behalf
of others similarly situated,

    Plaintiff,

v.

URBAN OUTFITTERS, INC. d/b/a
ANTHROPOLOGIE,

    Defendant.
_____/

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MUTIDISTRICT LITIGATION [D.E. 10]**

Plaintiff, Crystal Ramirez, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida, requests the entry of an Order **denying** Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [D.E. 10], and states:

### I. **INTRODUCTION**

Plaintiff brings this collective action for overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. D.E. 7. This action is brought on behalf

of Assistant Department Managers ("ADMs") employed by Anthropologie across the United States. *Id.*

In February 2012, Anthropologie reclassified ADMs as non-exempt. *Id*. Until the February 2012 reclassification of ADMs as non-exempt, Anthropologie misclassified Plaintiff and the other similarly situated ADMs as exempt. *Id*. This lawsuit seeks to recover for the ADMs nationwide the overtime wages they are owed between July 2010 (the date three years preceding the filing of this lawsuit) and February 2012 (the date the ADM position was reclassified). *Id*.

Importantly, this instant case does **not** seek relief on behalf of any position other than the ADMs. D.E. 7. Nor does the instant case seek relief for anyone outside of the period between July 2010 and February 2012. D.E. 7. In addition, the instant case only asserts that the ADMs were misclassified prior to February 2012 – it does **not** assert any off-the-clock claims or other claims. D.E. 7. Finally, the instant case is brought pursuant to the FLSA **only**, and no state or other law.

Notwithstanding the limited scope of this case, Anthropologie has requested that the Judicial Panel on Multidistrict Litigation ("JPML") transfer and consolidate this case with four other actions involving different positions, different claims, different stores and different laws. D.E. 10-1. However, this case is not proper for multidistrict litigation ("MDL"), as it involves a discreet claim for the misclassification for a specific position -- ADMs employed at Anthropologie -- for a limited period of time.

Significantly, August 20, 2013, the Honorable Magistrate Judge James Orenstein **denied** Defendant's request for a stay in *McEarchen v. Urban Outfitters, Inc*., Civil Action No. 13-cv-03569 (E.D.N.Y.). The instant case and *McEarchen*, along with three other cases, are the subject of the Motion to Transfer pending before the J.P.M.L. Thus, Judge Orenstein's Order[1] should be persuasive to this Honorable Court, as it is on all-fours.

For all these reasons, Anthropologie's Motion to Stay must be denied.

## II. LEGAL STANDARDS FOR A STAY PENDING THE JPML'S DECISION ON ANTHROPOLOGIE'S MOTION FOR MDL TRANSFER

While a district court has the discretionary authority to stay litigation pending the outcome of a related proceeding in another forum, *Jozwiak v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 8103, *3-4 (M.D. Fla. Jan. 11, 2010) (citing, *CTI-Container Leasing Corp. v. Uiterwyk Corp*., 685 F. 2d 1284, 1288 (11th Cir. 1982)), under Rule 2.1(d) of the JPML's Rules of Procedure, a motion to the JPML requesting transfer and consolidation does **not** affect pretrial proceedings before the district court:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

---

1 The Order is reprinted verbatim, *infra*.

JPML R. 2.1(d). "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Jozwiak*, 2010 U.S. Dist. LEXIS 8103, *5 (citations omitted).

The party moving "for a stay must make out a clear case of hardship or inequity in being required to go forward[;] if there is even a fair possibility that the stay for which he prays will work damage to some one else," the request for stay should be denied. *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936) (emphasis added); *see also, Jowziak,* 2010 U.S. Dist. LEXIS 8103 (denying motion to stay pending determination of MDL transfer motion); *Guerrero v. Target Corp.,* 2012 U.S. Dist. LEXIS 81005, *3 (S.D. Fla. June 7, 2012) (same); *Wheeler v. Novartis Pharmaceuticals Corp.,* 2012 U.S. Dist. LEXIS 61727 (S.D. Ga. April 18, 2012) (same).

When considering a motion to stay a case pending a motion to the JPML to transfer and consolidate, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Jowziak,* 2010 U.S. Dist. LEXIS 8103, at *5 (citations omitted). As applied to the instant case, each of these factors weighs against a stay.

## III. ANTHROPOLOGIE HAS NOT AND CANNOT DEMONSTRATE ENTITLEMENT TO A STAY

### A. Plaintiff Will Be Substantially Prejudiced By A Stay

Regarding the first factor, a stay will substantially prejudice the rights of the FLSA putative collective action members in this case because their FLSA statute of limitations continues to run until and unless they file consents to join with the Court. *Parilla v. Allcom Construction Services LLC*, 688 F.Supp2d 1347, 1349, n. 5 (M.D. Fla. 2010). Inasmuch as a MDL proceeding will take several months before issuance of a decision, much less completion of the transfer and consolidation of cases, a stay would simply cause the running of the statutes of limitations of the putative collective actions.

Indeed, this is the precise reasoning relied upon by Judge Orenstein in his decision to deny the same request for stay in *McEarchen*, pending in the Eastern District of New York:

> ORDER denying [12] Motion to Stay -- The motion for a stay is denied. Unlike the cases upon which defendant relies, a stay in the instant case would delay consideration of whether and how to notify similarly situated non-party employees, if any, of their potential right to opt in to this putative collective action. Such delay would prejudice any such potential opt-in plaintiffs by limiting the available remedy should they establish liability. The denial of a stay is without prejudice to the defendant's right to renew the motion in the event the parties to this case stipulate either to the dissemination of a notice to potential opt-in plaintiffs or to the tolling of the statute of limitations with respect to such persons. Ordered by Magistrate Judge James Orenstein on 8/20/2013. (Orenstein, James)[2]

---

2 Judge Orenstein's Order denying the Motion to Stay is a Docket Text Entry only, with no attached document or docket number.

In the instant case, the delay and resulting prejudice described by Judge Orenstein especially would erode or extinguish the claims of the putative members of the collective class, which are limited to a specific period – August 2010 to February 2012. Indeed, Anthropologie's request to the JPML, along with this Motion to Stay, likely are motivated, at least in part, by the advantages of delay in this particular case. *See generally, In re Bank of America Wage & Hour Employment Litigation*, 2010 U.S. Dist. LEXIS 11913 (D. Kan. Oct. 10, 2012) (recognizing running of statute of limitations in FLSA cases as having effect on stays pending a decision by JPML). Because this particular case is more narrow in temporal scope -- based upon the February 2012 reclassification -- it is more susceptible to the erosion of the statute of limitations.

Notably, **none** of the cases cited by Anthropologie involved FLSA collective actions where the statute of limitations was continuing to erode. D.E. 10 at 7. Further, Anthropologie's contention that a stay would benefit "all parties" [D.E. 10 at 7], completely disregards the fact that the delay caused by a stay prejudices the putative members of the collective class by eroding (and in some cases extinguishing) their statute of limitations. Alternatively, if the Court decides to grant a stay, then it also should toll the statute of limitations to protect the claims of the putative members of the collective class. *In re Bank of America Wage & Hour Employment Litigation*, 2010 U.S. Dist. LEXIS 11913 (D. Kan. Oct. 10, 2012).

In addition, the mere "speculation as to the resolution of the MDL Motion does not support staying this case." *Jowziak*, 2010 U.S. Dist. LEXIS 8103, at *8. Thus,

Anthropologie's expressed confidence about the JPML's decision on its transfer request [D.E. 7 at 3] – however misplaced – is completely irrelevant. *Wright Transportation v. Pilot Corp.*, 2013 U.S. Dist. LEXIS 116806, *5 (S.D. Ala. Aug. 19, 2013) ("the mere possibility that this action might be subject to consolidation by the JPML is insufficient grounds to stay the action at this time.") (citations omitted).

### B. There Will Be No Hardship Or Inequity To Anthropologie If The Case Is Not Stayed

Regarding the second factor, contrary to Anthropologie's contentions, the instant case is **not** similar to and does not overlap with the four cases pending in California and New York. While Anthropologie makes the sweeping pronouncement that the "core allegations" of all five cases involve the denial of overtime payments [D.E. 10 at 3], the actual allegations in these five cases demonstrate that they are separate and distinct in terms of the positions, the parties, the claims, and the law involved:

- First, two of the cases are not misclassification cases, but rather off-the-clock cases brought on behalf of hourly employees, not ADMs. *Moore v. Urban Outfitters Wholesale, Inc., d/b/a Anthropologie and Does 1 through 10*, No. 13-cv-2245 (N.D. Cal.); *Berry v. Urban Outfitters Wholesale, Inc., Susie Sieler and Does 1 through 100*, No. 13-cv-2628 (N.D. Cal.).

- Second, unlike the instant case, these off-the-clock cases are brought under California law, not the FLSA.

- Third, one of these off-the-clock cases (*Berry*) asserts claims against a different store, Urban Outfitters, not Anthropologie.
- Fourth, the other misclassification case is not brought against Anthropologie but Urban Outfitters and involves claims on behalf of a different position -- Department Manager (not ADMs). *McEarchen, et al., v. Urban Outfitters, Inc.,* No. 13-cv-3569 (FB)(JO) (S.D.N.Y.).
- Fifth, a California-only department manager case is brought under California law, not the FLSA, and also is brought against a different store, Urban Outfitters. *Abdulhaqq, et al. v. Urban Outfitters and Does 1 through 100*, No. 13-cv-3184 (N.D. Cal.).

Thus, the instant case involves (1) a different position than the other cases, in that none of those cases are on behalf of ADMs; (2) a different store than some of the other cases, in that the claims here are against Anthropologie, not Urban Outfitters; (3) different claims than some of the other cases, in that this is a misclassification case, not an off-the-clock case; and (3) different law than some of the other cases, in that this case is based solely on the FLSA and not California law. Based upon these stark differences, there is no threat of duplicative work or an inconsistent verdict. *Guerrero v. Target Corp.*, 2012 U.S. Dist. LEXIS 81005, at *3; *see also, Wheeler v. Novartis Pharmaceuticals Corp.*, 2012 U.S. Dist. LEXIS 61727 (S.D. Ga. April 18, 2012).

Indeed, even if the cases were consolidated (which Plaintiff vigorously opposes), based upon the difference in the positions, stores, claims and law, the cases necessarily

would have to proceed on independent discovery tracks.  Therefore, denying a stay and allowing the instant case to proceed while the JPML is considering Anthropologie's request, would not result in hardship or inequity to Anthropologie because whatever discovery is conducted here can be used in any MDL.  *Jowziak*, 2010 U.S. Dist. LEXIS 8103, at *10.  Relatedly, where, as here, a case is in its initial stages, there is little prejudice to Anthropologie if the action is not stayed.  *Id.*

### C. Not Staying The Case Will Not Cause Duplicative Effort

Regarding the third factor, because the five cases involve different positions, different stores, different claims and different law, allowing discovery to proceed in this case will not result in duplication of effort.  *See*, Part III.C, *supra*.  Under these circumstances, the conservation of judicial resources does not support a stay.  *Id*. at *11.

### IV.   CONCLUSION

For all these reasons, Plaintiff, Crystal Ramirez, requests the entry of an Order denying Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [D.E. 10].  This case should be permitted to proceed, because as a practical matter the case will require unique discovery tailored to the particular position, claims, and stores.  In addition, the delay caused by the stay would severely prejudice the putative members of the collective class whose statute of limitations continues to run, thereby rendering a stay antithetical to the remedial goals of the FLSA.  *See generally, Flecha v. Neighbors Moving Services*, 2013 U.S. Dist. LEXIS 67244 (S.D. Fla. March 6, 2013) (denying stay of discovery pending outcome of motion

regarding arbitration because the delay caused by the stay would be contrary to the remedial purposes of the FLSA).

Dated: August 22, 2013
    Boca Raton, Florida

Respectfully submitted,

**/s/ Gregg I. Shavitz**
Gregg I. Shavitz
Florida Bar No. 11398
E-mail: gshavitz@shavitzlaw.com
Susan H. Stern
Florida Bar No. 0857726
E-mail: sstern@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **August 22, 2013**. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/s/ Gregg I. Shavitz**
Gregg I. Shavitz

**SERVICE LIST**
**Chrystal Ramirez v. Urban Outfitters, Inc., d/b/a Anthropology**
**Case No: 6:13-cv-1074-Orl-22GJK**
**United States District Court for the Middle District of Florida**

Peter W. Homer
Email: phomer@homerbonner.com
Florida Bar No: 291250
Howard S. Goldfarb
Florida Bar No. 0016568
Email: hgoldfarb@homerbonner.com
**HOMER BONNER JACOBS**
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5139
Fax: (305) 372-1443

*Attorneys for Defendant*
**Served via CM/ECF**