UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL RAMIREZ, KELLY
CZUBAK and COURTNEY
MCENTIRE,

        Plaintiffs,

v.                                     Case No:   6:13-cv-1074-Orl-22GJK

URBAN OUTFITTERS, INC.,

        Defendant.

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT URBAN OUTFITTERS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 65)**
>
> **FILED:**    May 30, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In this misclassification and unpaid overtime wage action under the Fair Labor Standards Act (the "FLSA" or the "Act"), Defendant requests dismissal for lack of subject matter jurisdiction (the "Motion") under Rule 12(b)(1), Federal Rules of Civil Procedure, arguing that the present case or controversy is moot because Plaintiffs failed to accept Defendant's offer of judgment. Doc. No. 65. Defendant maintains that its offer of judgment would have provided Plaintiffs with "a greater recovery than they can otherwise collect in this case," and therefore, the case is moot.

Doc. No. 65 at 2. This matter has been referred to the undersigned for a report and recommendation. For the reasons set forth below, it is **RECOMMENDED** that the Court **DENY** the Motion.

I. **BACKGROUND.**

On July 17, 2013, Crystal Ramirez and Matthew McDermott, on behalf of themselves and all other similarly situated persons, filed a collective action complaint against Urban Outfitters, Inc. (the "Defendant"). Doc. No. 1. On July 19, 2013, Kelly Czuback filed a notice of consent to join this action as an opt-in plaintiff. Doc. No. 4. On July 26, 2013, Ms. Ramirez filed an amended collective action complaint against Defendant without Mr. McDermott as a plaintiff. Doc. No. 7. In the amended complaint, Ms. Ramirez alleged that until February 2012, Defendant misclassified her and other similarly situated employees as exempt under the FLSA and failed to pay them overtime wages. Doc. No. 7 at ¶ 3. Ms. Ramirez, on behalf of herself and other similarly situated employees, requested an award of: (1) all unpaid overtime wages at a rate of time and one-half the regular rate of pay; (2) an equal amount of liquidated damages; and (3) attorneys' fees and costs. Doc. No. 7 at 9. On September 24, 2013, Courtney McEntire filed a notice of consent to join this action as an opt-in plaintiff. Doc. No. 25. Thus, from the outset, this has been a misclassification case for unpaid overtime under the FLSA.

On January 27, 2014, Mss. Ramirez, Czuback, and McEntire (collectively, the "Plaintiffs") filed answers to the Court's FLSA interrogatories. Doc. Nos. 42-44. In their respective interrogatories, Plaintiffs all contend that "Defendant mistakenly classified [them] as exempt from overtime." Doc. Nos. 42 at 3; 43 at 3; 44 at 3. Ms. Ramirez alleges that she was paid an annual salary of approximately $27,000.00, while Ms. Czuback alleges an annual salary of approximately $32,000.00, and Ms. McEntire alleges an annual salary of approximately $28,000.00. *Id*.

Plaintiffs allege varying hours of regular overtime worked per week: Ms. Ramirez alleges 5-10 hours; and Mss. Czuback and McEntire allege – 3 hours.  Doc. No. 42 at 4; 43 at 4; 44 at 4.  In their respective interrogatories, Plaintiffs allege that, due the Defendant misclassifying them as exempt from the overtime requirements of the Act, they were denied "one and one-half times [their] regular rate for any [overtime hours worked]."  *Id*.  However, when calculating their respective damages, Plaintiffs estimate their damages for unpaid overtime wages using both the half-time <u>and</u> one and one-half time methods.  *Id*.

The charts below reflect Plaintiffs' respective estimated calculations by both methods:

| Plaintiff | Half-Time Method Total | Liquidated Damages | Total |
|---|---|---|---|
| Ms. Ramirez | $4,056.00 | $4,056.00 | **$8,112.00** |
| Ms. Czuback | $343.68 | $343.68 | **$687.36** |
| Ms. McEntire | $1,539.96 | $1,539.96 | **$3,079.92** |

| Plaintiff | One and One-Half Method Total | Liquidated Damages | Total |
|---|---|---|---|
| Ms. Ramirez | $15,186.60 | $15,186.60 | **$30,373.20** |
| Ms. Czuback | $1,107.84 | $1,107.84 | **$2,215.68** |
| Ms. McEntire | $4,966.74 | $4,966.74 | **$9,933.48** |

Doc. Nos. 42 at 4; 43 at 4; 44 at 4.  Clearly, using the one and one-half overtime rate, Plaintiffs' estimated damages are significantly greater.  *Id*.  Although they provide each calculation, Plaintiffs contend the one and one-half overtime rate is "proper."  *Id*.  Plaintiffs also stress that their calculations are only estimates, each stating that their respective calculations utilize "rough averages of weekly compensation and hours and Plaintiff[s] intend[ ] to seek documents in

discovery in order to make a more exact calculation." *Id*.  In their interrogatories, Plaintiffs also state that as of that date, they have incurred approximately $76,235.00 in attorneys' fees and $3,228.51 in costs.  Doc. Nos. 42 at 5; 43 at 5; 44 at 5.

On February 11, 2014, Plaintiffs filed a motion for conditional certification of this case as a collective action and to authorize notice to potential members.  Doc. No. 45.  On March 18, 2014, before the Court ruled on the Plaintiffs' motion for conditional certification, Defendant served Plaintiffs with an Offer of Judgment (the "Offer"), pursuant to Rule 68, Federal Rules of Civil Procedure.  Doc. No. 71 at 21-23.  In the Offer, Defendant agrees to allow judgment to be entered against it in favor of Plaintiffs, allocated as follows: (1) $15,187.00 for Ms. Ramirez; (2) $1,108.00 for Ms. Czuback; (3) $4,967.00 for Ms. McEntire; and (4) $23,000.00 for attorneys' fees and costs.  Doc. No. 71 at 22-23.[1]  The Offer does not allocate amounts attributed to Plaintiffs' overtime wages and liquidated damages claims.  Doc. No. 71 at 22-23.  Nevertheless, as reflected in the second chart above (*see supra* p. 3), the respective totals in the Offer are essentially identical to Plaintiffs' calculations for unpaid overtime at the one and one-half rate before accounting for any liquidated damages.  *Compare* Doc. No. 71 at 22-23 *with* chart *supra* at p. 3.  Plaintiffs did not accept the Offer.  Doc. Nos. 65 at 4; 71 at 1 (Plaintiffs acknowledging the Offer was not accepted).

On April 22, 2014, the Court denied Plaintiffs' motion for conditional certification of this case as a collective action.  Doc. No. 52.  On May 16, 2014, the Court granted Plaintiffs leave to file a second amended complaint.  Doc. No. 63.  On that same day, Plaintiffs filed a second

---

[1] The Offer also includes proposed payments for a prior opt-in plaintiff, Ulrika Abrahamson.  Doc. No. 71 at 23. Ms. Abrahamson filed notice of consent to join on August 20, 2013.  Doc. No. 13.  However, Ms. Abrahamson never filed answers to the Court's interrogatories and, as will be discussed below, after the Court denied Plaintiffs' motion for conditional certification and Plaintiffs filed a second amended complaint on May 16, 2014, Ms. Abrahamson was no longer a part of this case.  Doc. Nos. 52, 64.  Thus, the undersigned will not address Ms. Abrahamson's claims.

amended complaint (the "Complaint").  Doc. No. 64.[2]  In the Complaint, which is an individual action, Plaintiffs allege that Defendant willfully misclassified them as exempt from the overtime protections of the FLSA and failed to pay Plaintiffs overtime compensation.  Doc. No. 64 at ¶¶ 4, 30.  Plaintiffs assert that under the Act they were entitled to be paid one and one-half times their regular rate of pay for all overtime work.  *Id*. at ¶ 40.  Plaintiffs request an award of: (1) all unpaid overtime at a rate of one and one-half their regular rate of pay; (2) an equal amount of liquidated damages; and (3) their reasonable attorneys' fees and costs.  Doc. No. 64 at 7-8.

II.   **THE MOTION AND RESPONSE**.

On May 30, 2014, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, Defendant filed the Motion.  Doc. No. 65.  Relying primarily on *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), Defendant argues that this case is moot and should be dismissed for lack of subject matter jurisdiction because Plaintiffs failed to accept the Offer, which Defendant maintains offered Plaintiffs a full recovery.  Doc. No. 65 at 2, 5-6.  Thus, Defendant contends that there is no longer an actual case or controversy.  *Id*.

Defendant asserts that the Offer "provided [P]laintiffs with full relief for all alleged overtime hours that they supposedly worked as well as liquidated damages that they could potentially recover."  Doc. No. 65 at 6 (citing *Keim v. ADF MidAtlantic, LLC*, 2013 U.S. Dist. LEXIS 98373, at *16 (S.D. Fla. July 15, 2013)).  Although Defendant essentially acknowledges that the Offer did not provide Plaintiffs complete relief under their one and one-half overtime rate calculation (*see* Doc. No. 65 at 6), Defendant argues that Plaintiffs are only entitled to recover the half-time rate.  Doc. No. 65 at 6-8 (citing 29 C.F.R. §§ 778.109, 778.113; *Shaw v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 117582, at *19 (N.D. Ga. July 29, 2010); *Torres v. Bacardi Global*

---

[2]  Again, Ms. Abrahamson is not a party to the Complaint.  Doc. No. 64.

*Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381 (S.D. Fla. 2007)).  By relying solely on Plaintiffs' calculations in their respective interrogatories at the half-time rate, Defendant contends that the Offer provided Plaintiffs with complete relief, which requires dismissal for lack of subject matter jurisdiction.  Doc. No. 65 at 6-9.  Defendant also acknowledges that the Offer's allocation for attorneys' fees and costs ($23,000.00) is less than Plaintiffs' estimate in their respective interrogatories ($76,235.00 in attorneys' fees and $3,228.51 in costs).  Doc. No. 65 at 10-12.  Nevertheless, Defendant argues that the "vast majority" of those estimated fees and costs involve Plaintiffs' failed attempt to obtain conditional class certification and it is "inconceivable" that Plaintiffs have incurred more than $23,000.00 in reasonable attorneys' fees and costs in litigating this action.  Doc. No. 65 at 10-11.  Thus, Defendant requests that the Court enter an order finding that Plaintiffs' claims are moot and dismissing the case for lack of subject matter jurisdiction.  Doc. No. 65 at 11.[3]

On July 10, 2014, Plaintiffs filed a response (the "Response").  Doc. No. 71.  In it, Plaintiffs argue that the Motion should be denied because the Offer does not provide Plaintiffs with complete relief for the following four reasons: (1) the parties have not reached a consensus as to the amount of Plaintiffs' respective damages; (2) the parties dispute whether the half-time overtime rate is the appropriate method for calculating Plaintiffs' damages; (3) the Offer fails to account for Plaintiffs' liquidated damages; and (4) the Offer fails to account for all of Plaintiffs' attorneys' fees and costs.  Doc. No. 71 at 4-16.  Plaintiffs also maintain that the Offer itself is invalid and cannot serve as a basis to moot the case for two reasons: (1) it is impermissibly conditioned upon the acceptance of all Plaintiffs; and (2) it was served prior to the filing of the Complaint and, therefore, it is not directed at the operative pleading in this case.  Doc. No. 71 at

---

[3]On May 30, 2014, Defendant requested oral argument on the Motion.  Doc. No. 66.

16-18.

### III. STANDARD OF REVIEW.

"Federal courts are courts of limited jurisdiction." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Subject matter jurisdiction is set forth in Article III of the United States Constitution and it restricts federal courts to resolving actual cases and controversies. *Id.* at 701-702; *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012). "A district court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction." *Stewart v. Lastaiti*, 409 F. App'x. 235, 236 (11th Cir. 2010) (unpublished) (internal quotations and citations omitted).[4] "A key facet of the case-and-controversy requirement is that a court may not rule on issues that have become moot." *Newton v. Palm Coast Recovery Corp.*, 2014 U.S. Dist. LEXIS 9550, at *4 (S.D. Fla. Jan. 27, 2014) (citations omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 133 S. Ct. at 1528 (internal quotations and citations omitted).

There are two types of challenges to the Court's subject matter jurisdiction: facial and factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 n.5 (11th Cir. 2003), the Eleventh Circuit explained:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack the district court may consider extrinsic evidence such as testimony and affidavits.

---

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

*Id.*  Thus, as the Motion alleges that an intervening circumstance, *i.e.*, the Offer, deprives the Plaintiffs of an actual case and controversy, it is a factual attack and the Court may consider evidence outside of the pleadings, such as the terms of the Offer and Plaintiffs' interrogatories.

## IV. ANALYSIS.

For the reasons that follow, the undersigned finds that the Motion is without merit and should be denied for several independent reasons.

### A. Full Relief.

The Eleventh Circuit, as well as courts within it, and other circuits have recognized that a Rule 68 offer of judgment, which offers a plaintiff full satisfaction of all a plaintiff's claims plus a judgment, moots the plaintiff's claim.  *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166-67 (11th Cir. 2012) (citing other circuit's authority); *Mackenzie v. Kindred Hospitals East, LLC*, Case No. 8:00-cv-2405-T-23TGW, 276 F. Supp. 2d 1211, 1218 (M.D. Fla. 2003) ("[C]omplete relief to the plaintiff moots the action because he no longer has a legally cognizable interest in the outcome of the litigation."); *Newton v. Palm Coast Recovery Corp.*, 2014 U.S. Dist. LEXIS 9550, at *5 (S.D. Fla. Jan. 27, 2014) (recognizing that while courts are split, the majority view is that even an unaccepted offer of judgment providing all relief sought by a plaintiff moots the case); *Delgado v. Collecto, Inc.*, Case No. 8:13-cv-2511-T-33TBM, 2013 U.S. Dist. LEXIS 171607, at *6-10 (S.D. Fla. Dec. 5, 2013) (same).  Thus, if the Offer provides full relief to Plaintiffs on all their claims, then Plaintiffs would no longer have a legally cognizable interest in the outcome of the case, there would no longer be an actual case or controversy, and Defendant would be entitled to dismissal with prejudice.  However, this is not such a case.

In *Hughes Concrete & Masonry Co. v. Southeast Personnel Leasing, Inc.*, Case No. 8:12-cv-2631-T-17AEP, 2013 U.S. Dist. LEXIS 154216, at *13-14, 17-18 (M.D. Fla. Oct. 28, 2013),

the Court declined to dismiss the case as moot because the plaintiff had not made a "sum certain demand," and the parties had not "reached a consensus on the amount of damages." Thus, the Court determined that because the amount of the plaintiff's damages were still in dispute, it could not find that the offer of judgment provided plaintiff with full relief. *Id*. at *17-18.[5] Similarly, in *King v. CVS/Caremark Corp*., 2007 U.S. Dist. LEXIS 99023, at *13-14 (S.D. Fla. Dec. 12, 2007), an action for unpaid overtime wages under FLSA, the Court declined to dismiss an action as moot based on the defendant's offer of judgment, stating:

> The Court also rejects [defendants'] argument that [plaintiff] was offered all that he was entitled. The record reflects that, as part of the Statement of Claim, [plaintiff] filed an affidavit wherein he asserts that "[his] total unpaid wages claim is $3,562.28." Defendants have based their offer of judgment on that amount. Significantly, however, the Statement of Claim also provides that "calculations presented [therein] have been quantified by utilizing limited records [and] [plaintiffs] reserve the right to supplement or amend their affidavits and wage claims subsequent to discovery. . . ." As discovery is incomplete and the amount asserted was effectively an estimate, the Court cannot definitively conclude that the rejected Rule 68 offer of judgment provided all that [plaintiff] could recover at trial.

*Id*. Thus, in *King*, the Court found that the offer of judgment did not conclusively provide plaintiff with full relief because it was based on plaintiff's damages estimate rather a sum certain, and discovery was incomplete. *Id*. *See also Reyes v. Carnival Corporation*, 2005 U.S. Dist. LEXIS 11948, at * 5-8 (S.D. Fla. May 25, 2005) (same).

In this case, like *King*, Plaintiffs' interrogatories only provide estimates about the total amount of their damages, specifically noting that they need discovery, namely Defendant's payroll records, to accurately calculate their exact damages. Doc. Nos. 42 at 4; 43 at 4; 44 at 4. In other

---

[5] The Court noted that it did not know the specific amount of damages demanded by plaintiff and the payroll records, which might conclusively establish those amounts, were in the defendant's hands. *Hughes Concrete*, 2013 U.S. Dist. LEXIS 154216, at * 13-14.

words, the damages Plaintiffs claim in their interrogatories are merely their best guess, and not a demand for sum certain. As such, even assuming the Offer provided full relief of Plaintiffs' estimated damages at this time, the Court could not find that the parties have reached a consensus or that there was no dispute as to the actual amount of Plaintiffs' damages. On this basis alone, a dispute remains as to the amount of Plaintiffs' damages and dismissal is not appropriate. *Hughes Concrete*, 2013 U.S. Dist. LEXIS 154216, at *17-18; *King*, 2007 U.S. Dist. LEXIS 99023, at *13-14; *Reyes*, 2005 U.S. Dist. LEXIS 11948, at *5-8.[6]

### B. Proper Overtime Rate.

The parties are also in dispute as to whether the appropriate method for calculating Plaintiffs' unpaid overtime wages is the one and one-half method or the half-time method. Doc. Nos. 65 at 6-10; 71 at 9-12. Defendant suggests that the law requires utilizing the half-time method, and Plaintiffs suggest that in misclassification cases, such as this, the one and one-half method is required. *Id*. Determining the proper calculation of unpaid overtime wages is a mixed question of fact and law. *Ransom v. M. Patel Enterprises, Inc*., 734 F.3d 377, 381 (5th Cir. 2013). The Eleventh Circuit has not directly addressed the issue, but the other circuits are split as to whether the appropriate method for calculating unpaid overtime wages in a misclassification case is the half-time method. *See O'Neill v. Mermaid Touring Inc*., 963 F. Supp. 2d 572, 585 (S.D.

---

[6] The cases cited by Defendant are distinguishable. For example, in *Genesis Healthcare*, 133 S. Ct. at 1529, the United States Supreme Court "assume[d], without deciding, that petitioners' Rule 68 offer mooted respondent's individual claim." *Id*. Similarly, in *Delgado v. Collecto, Inc*., Case No. 8:13-cv-2511-T-33TBM, 2013 U.S. Dist. LEXIS 171607, at *6 (M.D. Fla. Dec. 5, 2013), the plaintiff conceded that the offer of judgment provided them with complete relief, but argued that the case was not moot because the complaint was filed on behalf of a putative class members even though the plaintiff had yet to move for class certification. *See* Doc. No. 65 at 5 (Defendant relying on *Delgado* for proposition that this case is moot). Finally, in *Keim v. ADF MidAtlantic*, LLC, 2013 U.S. Dist. LEXIS 98373, at *28-32 (S.D. Fla. July 15, 2013), the Court determined that the express terms of the offer of judgment mooted plaintiff's claims because the offer was written broadly enough to encompass all of the plaintiff's statutory damages even if that precise amount was not known at the time the offer was served. By contrast, here the Defendant's Offer is for a sum certain, but Plaintiffs' damages are unliquidated and, as a result, it is not known whether the Offer affords the Plaintiffs complete relief. *See* Doc. Nos. 42 at 4; 43 at 4; 44 at 4; 71 at 22-23.

N.Y. 2013) (discussing split and citing authority); *Wallace v. Countrywide Home Loans Inc.*, 2013 U.S. Dist. LEXIS 69215, at *12-21 (C.D. Cal. Apr. 29, 2013) (same).[7] However, it is not necessary here to make such a determination because whichever method is appropriate, resolution of that mixed question of fact and law goes directly to merits of Plaintiffs' claim that they are entitled to one and one-half their regular rate of pay for all overtime hours worked. *See* Doc. No. 64 at 7. "An argument that 'goes to the . . . legal availability of a certain kind of relief . . . confuses mootness with the merits.'" *Hughes Concrete*, Case No. 8:12-cv-2631-T-17AEP, 2013 U.S. Dist. LEXIS 154216, at *20 (quoting *Chafin v. Chafin*, 133 S. Ct. 1017, 1024 (2013)). Thus, Defendant's argument that the Court should make a finding, at this stage, that the proper method of calculating Plaintiffs' overtime damages is the half-time rate, and then utilize that rate to find that the Offer encompasses full relief confuses the mootness doctrine with the merits of Plaintiffs' claim. *Chafin*, 133 S. Ct. at 1024. The fact that the parties dispute the proper method of calculating damages, there is no controlling precedent and the available persuasive authority is conflicting, convinces the undersigned there "is not the slightest doubt that there continues to exist between the parties that concrete adverseness which sharpens the presentation of issues," and which warrants denying the Motion. *Id.* (internal quotations omitted).

**C. Attorneys' Fees.**

The Offer provides $23,000.00 for Plaintiffs' attorneys' fees and costs. Doc. No. 71 at 22-23. Neither the Offer nor the Motion provides any basis as to how Defendant arrived at that amount. Doc. Nos. 65, 71 at 21-23. As of January 27, 2014, over a month before the Offer was served, Plaintiffs claimed $76,235.00 in attorneys' fees and $3,228.51 in costs. Doc. Nos. 42 at

---

[7] *But see Scott v. Omnitech Solutions Inc.*, 2006 U.S. Dist. Lexis 15014, at *20-22, 31-39 (N.D. Ga. Mar. 31, 2006) (determining on summary judgment that half-time method is not proper based on the facts of that misclassification case); *Spires v. Ben Hill County*, 745 F. Supp. 690, 702-04 (M.D. Ga. 1990) (same).

5-6; 43 at 5-6; 44 at 5-6.  Thus, on its face, the Offer does not provide Plaintiffs complete relief. In cases like this one, where the Act provides for an award of attorneys' fees to a prevailing plaintiff, "the compensable fees include time spent litigating both the entitlement to and amount of fees incurred, i.e. 'fees for litigating fees.'"  *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003).  Where an offer of judgment limits attorneys' fees to those reasonable fees incurred through the date of the offer, Courts have held that the offer of judgment does not provide plaintiff with full relief.  *See Lobianco v. John F. Hayter, Attorney At Law*, P.A., 944 F. Supp. 2d 1183, 1186-87 (N.D. Fla. 2013) (citing authority).  The undersigned is persuaded that if a motion to dismiss should be denied where an offer of judgment limits attorneys' fees to those reasonable fees incurred through the date of the offer, then such a motion should also be denied where an offer of judgment limits attorneys' fees to a sum certain that is approximately seventy (70) percent less than the amount Plaintiffs' claim they have reasonably incurred.

## V.     CONCLUSION.

Each of the reasons set forth above demonstrate that there remains a substantial, actual case and controversy between the parties.[8]  Accordingly, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 65).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.

---

[8] While Defendant requests oral argument, based on this record, the undersigned finds that it would not better inform the Court as to the appropriate resolution of this matter.

- 13 -

Recommended in Orlando, Florida on August 15, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy